WILLIAM E. CERCE *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY & another.

Plymouth.   May 3, 1955. — September 19, 1955.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Employment Security*, What constitutes unemployment.   *Contract*, Of employment.

An employee, who, upon termination of his employment, received with his last pay a two weeks' vacation allowance pursuant to a contract between his employer and a union providing that if upon such termination he was eligible for but had not received a vacation he should be paid "an allowance equal to the vacation pay which he would have been entitled to receive for such vacation, had it begun on the date" of the termination, received "remuneration" which could "reasonably be considered to apply" to the two weeks following the termination within § 1 (r) (3) inserted in the employment security law, G. L. (Ter. Ed.) c. 151A, by St. 1953, c. 635, § 1, and was not in "total unemployment" in those two weeks within § 1 (r) (2), as appearing in St. 1951, c. 763, § 1, nor entitled to benefits under the law for those two weeks.

PETITION, filed in the District Court of Brockton on September 15, 1954, for review of a decision by the board of review in the division of employment security.

The case was heard by *Crehan*, J.

In this court the case was submitted on briefs.

*Lawrence Mason & Nathan S. Paven,* for the petitioner.

*George Fingold,* Attorney General, *Stephen F. LoPiano, Jr., & Lazarus A. Aaronson,* Assistant Attorneys General, for the respondent director.

QUA, C.J. The petitioner appeals under § 42 of the employment security law, G. L. (Ter. Ed.) c. 151A, as amended, from a decision of a judge of a District Court sustaining a decision of the board of review which upheld the action of the director in disqualifying the petitioner from receiving unemployment benefits for the two weeks following the termination of his employment on May 13, 1954.

The reason for the disqualification was that the petitioner had received with his last pay a two weeks' vacation allowance which the director applied to the two weeks immediately following the termination of his employment.

As partial unemployment is in no way involved in the case, the petitioner must have been in "total unemployment" in order to be entitled to any benefits for the two weeks in question. C. 151A, § 29 (a), as appearing in St. 1946, c. 170, § 1. In order to be in "total unemployment" he must have received no "remuneration" for those weeks. C. 151A, § 1 (r) (2), as appearing in St. 1951, c. 763, § 1. "Remuneration" included dismissal pay and vacation allowances, and was deemed to have been received in the weeks in which it was earned or "to which it . . . [could] reasonably be considered to apply." C. 151A, § 1 (r) (3), as appearing in St. 1953, c. 635, § 1. The contract between the union and the petitioner's employer, which governed the terms of the petitioner's employment, contained extensive provisions relative to vacations and vacation pay, including a provision that if the employment of an employee eligible for a vacation should be terminated before he had received his vacation he should be paid "an allowance equal to the vacation pay which he would have been entitled to receive for such vacation, had it begun on the date when his employment terminated."

This provision of the contract applied to the petitioner and was the ground for his receiving the two weeks' vaca-

tion allowance. Whether this sum was strictly a vacation allowance or whether in the circumstances it should be regarded rather as dismissal pay, it was "remuneration" under the provisions of c. 151A, § 1 (r) (3), from the petitioner's employer for the services of the petitioner.

This remuneration could "reasonably be considered to apply" to the two weeks immediately following the termination of the petitioner's employment. The contract expressly provided that the "allowance" should be equal to the vacation pay that the petitioner would have received if his vacation had begun on the date when his employment terminated. The allowance was therefore directly related to the two weeks immediately following the termination.

The result is that the petitioner received "remuneration" from his employer for those two weeks and so was not in "total unemployment" and was not entitled to benefits.

The petitioner relies upon our decision in *Kerr* v. *Director of the Division of Employment Security*, 332 Mass. 78. But in that case the employee received nothing from his employer with reference to any period after his employment terminated. He received only what had previously been credited to his account in the hands of a third party trustee over whom the employer had no control.

*Decision of judge of District Court affirmed.*