KENNETH J. KALEN *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY & another.

Suffolk. May 11, 1956. — July 26, 1956.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Employment Security*, What constitutes unemployment.

An employee discharged from his employment without fault, who, pursuant to the obligations of his employer under a contract with his union, was thereupon paid by his employer from general funds a certain amount of wages in lieu of a dismissal notice, a "vacation allowance," and "severance pay" computed upon the length of his service, received "remuneration" which could "reasonably be considered to apply" to a certain period of weeks following his discharge

within § 1 (r) (3) inserted in the employment security law, G. L. (Ter. Ed.) c. 151A, by St. 1953, c. 635, § 1, and was not in "total unemployment" during that period within § 1 (r) (2), as appearing in St. 1951, c. 763, § 1, nor entitled to benefits under the law for that period.

PETITION, filed in the Municipal Court of the City of Boston on August 31, 1955, for review of a decision by the board of review in the division of employment security.

The case was heard by *Adlow*, C.J.

*Robert D. Manning*, for the petitioner.

*George Fingold*, Attorney General, *Stephen F. LoPiano, Jr.*, & *Lazarus A. Aaronson*, Assistant Attorneys General, for the director of the division of employment security, submitted a brief.

QUA, C.J. The petitioner appeals from a decision of the Chief Justice of the Municipal Court of the City of Boston sustaining the action of the board of review which upheld the action of the director in disqualifying the petitioner from receiving unemployment benefits from the date of his discharge without fault on his part on December 7, 1954, through the week ending April 16, 1955.

The ground of the disqualification was that by reason of a contract between his union and his employer the petitioner was entitled to receive and did receive from the general funds of his employer upon his discharge (1) two weeks' pay in lieu of dismissal notice, (2) $249 "vacation allowance," and (3) $1,452.50 "severance pay." All of these sums were applied by the director against the unemployment benefits to which the petitioner would have been entitled if he had not received these sums.

The contract under which the "severance pay" (so called in the contract) was made provided for a payment "upon discharge" computed upon the length of the employee's service. It also provided that in the event of the death of a regular employee after three years of continuous service the employer should pay to his beneficiary or to his executor or administrator "an amount equal to the severance pay" computed upon the regular weekly wage received "immediately preceding" his death but in no event less than

$300. There was no provision for payments for the employee's benefit into a trust fund under management independent of the employer during the period of employment. There was simply a contractual obligation on the part of the employer to make the stipulated payment upon death of the employee or termination of his employment.

The director, the board, and the courts are of course absolutely bound by the applicable provisions of statute. By G. L. (Ter. Ed.) c. 151A, § 1 (r) (2), as appearing in St. 1951, c. 763, § 1, "total unemployment," with which alone we are here concerned, requires that "in any week" the employee should have performed "no wage-earning services whatever" and should have received "no remuneration," and § 1 (r) (3), as appearing in St. 1953, c. 635, § 1, defines "remuneration" as "any consideration, whether paid directly or indirectly," received from the employing unit for services, as net earnings from self employment, and as "severance payments, dismissal pay, or vacation allowances." This subsection further provides that "Remuneration shall be deemed to have been received in such week or weeks in which it was earned or for such week or weeks, including any fractions thereof, to which it can reasonably be considered to apply," and further that if the length of the period to which the remuneration applies "is not clearly identified, such period shall be determined by dividing such remuneration by the amount of the individual's average weekly wage."

In our opinion § 1 (r) (2) and (3) contain a direct command by the Legislature that severance payments, dismissal pay, and vacation allowances shall be considered remuneration and shall disqualify the employee for benefits for the periods to which they are reasonably applicable. None of these three types of remuneration can fairly be deemed to have been "earned" in the sense of the statute in the period before severance. If they were regarded as so earned there would be no means of applying them against benefits, and the statute requires that they shall be so applied. This was doubtless the reason for including the alternative provision that remuneration shall be deemed to

have been received in such week or weeks "to which it can reasonably be considered to apply." We think that the sum of $1,452.50 paid to the employee by the employer at the time of and because of the severance was a severance payment within the meaning of the statute. It was designated as a severance payment in the agreement. We also think that it was reasonable to consider this payment as applicable to the weeks immediately following severance. The Legislature seems to have reasoned that, inasmuch as unemployment benefits were intended to aid persons who had lost their jobs and could not find work, such benefits ought not to be paid to persons who had received sums of money from their jobs because of severance until after such sums had been applied to fill the gap. The same reasoning applies to the "vacation allowance" of $249 (also mentioned in the statute) and to the two weeks' pay in lieu of dismissal notice. This was applicable to the two weeks during which the employer could have required the petitioner to continue work under notice but did not do so.

The petitioner has directed our attention to a number of decisions in other jurisdictions, particularly to the recent case of *Dubois* v. *Maine Employment Security Commission*, 150 Maine, 494. But it does not appear that in any of these cases there were statutory provisions similar to ours requiring that severance payments and the like should be included in "remuneration" and that remuneration should be allocated to weeks to which it could reasonably be considered to apply.

We consider this case distinguishable from *Kerr* v. *Director of the Division of Employment Security*, 332 Mass. 78, where during the period of employment the employer paid sums into an irrevocable trust for the benefit of its employees, administered by trustees beyond the employer's control, and where the sum paid the employee was simply that share of the trust fund which had already become his property. The case more nearly resembles *Cerce* v. *Director of the Division of Employment Security*, 333 Mass. 130.

*Decision of Chief Justice of Municipal Court affirmed.*