## 17885

SOUTHERN BELL TELEPHONE AND TELEGRAPH COM-PANY, Appellant, v. The SOUTH CAROLINA EMPLOYMENT SECURITY COMMISSION, and Robert S. Galloway, Sr., Ed H. Tatum and Charlie V. Verner, as Members thereof, and Maria G. Arthur, Dorothy H. Southard, Grace E. Fore, Mabel H. Harris, Linda S. Heatherly, Betty M. Blakely, Lucy B. Brown, Geraldine E. Farner, Mary Kate Fowler, Mary N. Garner, Ann Hodge Noland, Carolyn O'Shields, Esther V. Stepp, Elizabeth M. Smith, Gayle H. Sanders, Mary H. Leonhardt, Joyce H. Kelley, Patsy L. Bobo, Grace S. Lane, Hazel Hart, Glanna N. Kingsmore, Permelia G. Gibson, and Patricia A. Lawson, Respondents.

(124 S. E. (2d) 505)

*Messrs. Guerry R. Thornton* and *Nelson, Mullins, Grier & Scarborough,* of Columbia, *for Appellant,*

*Messrs. James Julien Bush,* of Columbia, and *John D. Long* and *James M. Arthur,* of Union, *for Respondents,*

March 13, 1962.

TAYLOR, Chief Justice.

This is an appeal from an Order of the Circuit Court of Union County affirming a decision of the South Carolina Employment Security Commission. The sole issue raised by this appeal, which has not heretofore been before this Court, is whether the receipt of termination allowances by the claimants, at the time their services were terminated, rendered them ineligible for unemployment compensation benefits.

On September 8, 1958, the claimant, Maria G. Arthur, filed an initial claim for unemployment compensation benefits. On September 18, 1958, a claims examiner of the Commission issued a determination holding that said claimant was eligible for benefits as of the date upon which she filed her initial claim. The other claimants likewise filed initial claims for benefits and the claims examiner issued similar determinations as to their eligibility. Within due time, the employer appealed from said initial determinations to the Appeal Tribunal of the Commission.

It was stipulated by the parties that testimony would be taken only as to the claim of Maria G. Arthur and that the

decision of the Commission therein would be controlling in the cases of the other claimants. It was further stipulated that pertinent information as to date of employment, rate of pay, number of weeks of vacation allowance and number of weeks of termination allowance with respect to each of the twenty-three claimants would be placed in evidence.

The testimony as taken was in due course submitted to the Commission. After a hearing, at which all of the interested parties were represented, the Commission on December 18, 1958, issued its decision affirming the determination of the claims examiner holding that the termination allowance paid claimant at the time of her separation from employment constituted wages for prior services and, therefore, did not render her ineligible for benefits. The determinations of the claims examiner in the other cases were likewise affirmed.

On December 29, 1959, the employer commenced this action in the Court of Common Pleas for Union County, seeking judicial review of the decision of the Commission. The complaint alleged that the Commission erred in finding that the claimants were unemployed and, therefore, eligible for benefits, within the contemplation of the Unemployment Compensation Law, because the termination allowances paid to them constituted wages for certain weeks following their separation from employment.

The Commission and the claimants filed answers denying the allegations contained in the complaint and alleging that the Findings of Fact by the Commission were supported by the evidence. The Commission certified and filed with the Court all documents, papers and transcript of the testimony taken in connection with the issues involved.

The case was heard by the Honorable James M. Brailsford, Presiding Judge of the Seventh Judicial Circuit, on December 7, 1959, at which time arguments of counsel were heard. On April 6, 1960, Judge Brailsford filed his Order affirming the decision of the Employment Security Commission and the employer appealed.

The claimant, Maria G. Arthur, and other employees similarly situated, were employed by the Appellant, Southern Bell Telephone and Telegraph Company, at its exchange at Union, South Carolina. Effective September 6, 1958, claimants' employment was terminated because of the Telephone Company's conversion of the Union Exchange from manual to dial operation. Some eighteen months prior to the "cutover" of the telephone exchange in Union from manual to dial, the impending change was discussed with all employees, and attention was called to their rights in such a situation provided in the Union contract in force between the employer and, as representative of all employees in the bargaining unit, the Communications Workers of America.

Section 7.04 C 3 of the employer-union agreement provides as follows:

"Termination Allowance. The acceptance by an employee of a termination allowance works a severance by an employee of his status with the Company and any subsequent re-employment shall be subject to the same terms and conditions applicable to a newly engaged employee."

Section 68-17, Code of Laws of South Carolina, 1952, as amended, provides:

"An individual shall be deemed 'unemployed' in any week during which he performs no services and with respect to which no wages are payable to him * * *."

It is not disputed that at the time there was a termination of the employer-employee relationship and it is evident that the payment of this termination allowance was for services rendered by claimant to the employer in the past. She was not obligated to repay any portion of said allowance in case she accepted employment with another in the immediate future nor would her estate have been obligated to refund any portion thereof had she died before the expiration of the twenty-one weeks. She was not obligated to perform or not to perform any act in connection with her former status as employee. Her employer was by contract obligated to pay

the termination allowance as wages already earned and the fact that a week's pay was used as a monetary unit for calculating the amount due is of no legal import.

In *Industrial Commission v. Sirokman,* 134 Colo. 481, 306 P. (2d) 669, the Supreme Court of Colorado used the following language:

"We are in agreement with the language above quoted, and application thereof to the facts before us leads to the conclusion that the separation allowance due claimants was earned by them during the years in which their services were performed, and that the date of payment was the time of termination of employment. The right to receive the allowance and the obligation to pay were contractual rights and obligations. The reference to the weekly wage of the employee in the formula used for mathematical computation of the amount of the allowance is nothing more than a measuring device for determining the amount due the discharged employee under the contract."

In *Ackerson et al. v. Western Union Telegraph Co.,* 234 Minn. 271, 48 N. W. (2d) 338, 25 A. L. R. (2d) 1063, the Supreme Court of Minnesota construed that automatic operators in a Nation-wide communications service who, upon loss of their employment as a result of mechanization of operations, elected to accept severance payments in accordance with the employer-employee contract, computed on the basis of length of service and payable in lump sum upon dismissal, were unemployed subsequent to their dismissal inasmuch as the payments were not designated as wages for a specific period of time and were in no way related to or dependent upon their employment status after their separation, and were paid partly as compensation for loss of seniority and possible pension rights, and for retraining or acquiring new skills.

In *Western Union Telegraph Co. v. Texas Employment Commission et al.,* Tex. Civ. App., 243 S. W. (2d) 217, the Texas Court held that a telegraph company employee who,

upon her separation because installation of reperferator machines made her services unnecessary, elected to accept a lump sum severance allowance under the employer-union contract, computed upon length of service which she received together with her earned vacation pay; that she was unemployed from the date of her discharge when the payments were made on termination of service as the result of a contract obligation and not for any services to be rendered in the future; that such sum represented wages applicable to the period with respect to which she had performed personal services for the company.

To like effect is *Kroger Company v. Blumenthal et al.,* 13 Ill. (2d) 222, 148 N. E. (2d) 734; *Meakins et al. v. Huiet et al.,* 100 Ga. App. 557, 112 S. E. (2d) 167; *Swift & Company v. Brown et al.,* La. App., 132 So. (2d) 508, which construe unemployment compensation acts similar to the one under consideration in that they contain no provision making the receipt of "severance pay," "dismissal pay," "wages in lieu of notice," etc. disqualifying factors. Appellant cites *In re Tyson,* 253 N. C. 662, 117 S. E. (2d) 854, and *Globe-Democrat Publishing Company v. Industrial Commission of Missouri et al.,* Mo. App., 301 S. W. (2d) 846, as supporting their contention; but the acts construed therein contain disqualifying provisions not found in the South Carolina Act and, therefore, are not persuasive here.

. For the foregoing reasons, we are of opinion that the Order appealed from should be affirmed; and IT IS SO ORDERED. Affirmed.

Moss, LEWIS and BUSSEY, JJ., concur.