YARRUT, Judge.
This matter is on appeal from a judgment of the District Court affirming a decision of the Board of Review, affirming a decision of the Appeals Referee disqualifying claimant from unemployment compensation benefits provided by Louisiana’s Unemployment Compensation Law, LSA-R.S. 23 :1471 et seq., the judicial review provision being LSA-R.S. 23:1634.
Petition for judicial review was filed in the District Court by Plaintiff from the Board of Review, which disqualified heir from unemployment benefits. Her employer, Southern Bell Telephone and Telegraph Company (referred to hereinafter as the Telephone Company), opposes the payment of the benefits on the ground that since claimant received a termination allowance from it equal to 17 weeks pay, she was disqualified from receiving unemployment benefits for 17 weeks.
The District Court affirmed the rulings of the Division of Unemployment Security and denied claimant benefits for 17 weeks. Plaintiff and the Administrator of the Division have taken this appeal.
There is no factual dispute. The facts are:
Plaintiff had worked for the Telephone Company for approximately 13 years and 11 months, as a long-distance telephone and teletype operator, when her services were terminated under Art. 8, par. 8.01, sub-par. A3 of the contract between Communication Workers of America and the Telephone Company. She was paid $1190.00 termination pay, representing her weekly salary of $70.00 per week for 17 weeks.
The issue presented here is whether Plaintiff, when her services were terminated, became eligible for unemployment compensation under Louisiana Unemployment Compensation Law, LSA-R.S. 23:1601(7) (a).
Art. 8, par. 8.01, subpar. D2 of the C.W. A. contract requires that, if an employee has received a termination allowance under Art. 8.01 B or C and returns to the employ of the Telephone Company in a lesser number of weeks than he or she was paid for in his or her termmination allowance, he or she shall pay the Telephone Company the difference between the net amount of the termination allowance and the amount of his or her basic wage for the period of the payroll.
We must consider whether the termination pay made by the Telephone Company under the C.W.A. contract was to provide *142 Plaintiff with “wages” during her period of “unemployment” for 17 weeks.
LSA-R.S. 23:1472(19), reads:
“ ‘Unemployment’ — An individual shall be deemed to be ‘unemployed’ in any week during which he performs no services and with respect to which no wages are payable to him * *
LSA-R.S. 23:1472 defines “wages” as “all remuneration for services, including commissions and bonuses and the cash value of all remuneration in any medium other than costs.”
It is clear that the issue turns upon the question whether or not Plaintiff was paid wages with respect to the 17 weeks following her termination with the Telephone Company. It is not disputed that Plaintiff performed no services during those weeks. Was the severance allowance attributable to those 17 weeks, or attributable to the weeks or years prior to termination?
Plaintiff contends that the termination pay was an employee benefit, bargained for in the C.W.A. contract, as partial payment to her for prior years of faithful service, and the loss of various benefits and rights, such as seniority and pension benefits; and that her termination pay was in lieu thereof.
There is considerable, though divided, jurisprudence on this question from other jurisdictions. The cases holding that claimants are eligible under various state laws for benefits, even after having received their separation or termination allowance, are: Ackerson v. Western Union Tel. Co., 234 Minn. 271, 48 N.W.2d 338, 25 A.L.R. 2d 1063; Meakins v. Huiet, 100 Ga.App. 557, 112 S.E.2d 167; Kroger Co. v. Blum-enthal, 13 Ill .2d 222, 148 N.E.2d 734; Western Union Tel. Co. v. Texas Employment Commission, Tex.Civ.App., 243 S.W.2d 217; Dubois v. Maine Employment Security Commission, 150 Me. 494, 114 A.2d 359; Industrial Commission of Colorado v. Si-rokman, 134 Colo. 481, 306 P.2d 669.
The only Louisiana decision on this point is Swift & Company v. Brown, La.App., 132 So.2d 508, where the court was confronted with the same issue presented here, and held that the termination pay under the C.W.A. contract was not “wages” under the definition of the statute, as follows :
“This case turns upon the interpretation of the words ‘with respect to’ as used in the above statutory provision. In other words, what was the severance pay for? Was the severance pay made to relieve the employer, indirectly, for a loss that it may sustain as a result of making contributions to the Unemployment Compensation Fund, if benefits were allowed to the claimants under the Statute for the period of unemployment following their discharge, or was the severance pay meant to compensate the claimants for the loss of seniority rights, benefits of the hospitalization, surgical, medical and diagnostic insurance, death benefits available to the employees’ dependents, and all the other rights, credits and privileges as set forth in the bargaining contract which accrued to them over the period of time that they had served their employer ?
# * * * * *
“It is admitted that the claimants performed no services during the period subsequent to their discharge from Swift & Company. Having performed no services during such period, no wages could be payable to them ‘with respect to’ that period. Therefore, the wages in the form of severance payments must be applicable to some period ‘with respect to’ which and during which they did perform personal services for Swift & Company.
* * * * * *
“This severance payment is made in accordance with the provisions of the bargaining contract and a reading of that agreement as a whole leads this *143 court to the conclusion that these severance allowances were not related to future consideration, but were made solely to remunerate the claimants for their loss of the accumulated rights, benefits or credits which had accrued to them by reason of their length of service and its quality. The stipulation that the amount is to be ascertained by a certain number of weeks pay does not denote that these weeks of pay were ‘with respect to’ the period of time subsequent to employment. That is merely a convenient method of computing the separation allowances.
******
“At the same time, it is of the utmost importance to note that the law does not prescribe economic necessity or need as a qualifying condition requisite to becoming a beneficiary of unemployment compensation. It does not disqualify nor render ineligible any one who possesses means of support or one who has been otherwise provided with support during a transition period of employment, nor does it provide that one who has received separation allowances shall be ineligible to receive the benefits.”
A case in point with the Swift case from another jurisdiction, is that of Southern Bell Telephone & Telegraph Company v. South Carolina Employment Security Commission, 240 S.C. 40, 124 S.E.2d 505, decided against the Telephone Company with reference to an identical C.W.A. contract and statutory provision as LSA-R.S. 23:1472(19).
The Telephone Company seeks to distinguish this case from the Swift case, in that the provision involved here requires the re-payment of the termination allowance Upon the return of its employee to its employ within a certain number of weeks. This re-payment provision requires the returning employee to re-pay the Telephone Company the difference between the net amount of the termination allowance and the amount of the basic wage rate for the period such returned employee was off the payroll. By this provision, the employee is “off the payroll” for the number of weeks immediately following discharge, and until re-employed.
Hence, termination pay cannot be considered “wages” for services rendered after discharge, but for “remuneration for services” rendered prior to separation, emphasized by the fact the employee is free to seek other employment upon termination, and thereby retain the termination allowance. If the Telephone Company were paying wages for the period of 17 weeks after discharge, and this payment pertained to those 17 weeks, the Telephone Company would hardly permit the employee to obtain other employment during the same period for which it was paying wages.
We agree with the reasoning in the Swift case, and can find no basic difference between that case and this one. Further, the Louisiana Unemployment Compensation Law is social and economic legislation, and liberally construed to extend benefits as far as possible. Burge v. Administrator, La.App., 83 So.2d 532; Lacombe v. Sharp, La.App., 99 So.2d 387; Sewell v. Sharp, La.App., 102 So.2d 259.
For the reasons assigned, the judgment of the District Court affirming the Board of Review of the Division of Employment Security is reversed, and the case remanded to the Division of Employment Security, Department of Labor, State of Louisiana, for that Agency to make a proper award of unemployment compensation covering the 17-week period based on the pertinent facts as found by that Agency; Defendant-Appellee to pay all costs.
Judgment reversed — case remanded for further proceedings.