Bolta Products Div.-Gen. Tire & Rubber Co. *v.* Director of Div. of Emp. Sec.

THE BOLTA PRODUCTS DIVISION, THE GENERAL TIRE &
RUBBER COMPANY *vs.* DIRECTOR OF THE DIVISION
OF EMPLOYMENT SECURITY & another.

Essex.  December 2, 1969. — February 3, 1970.

Present: SPALDING, CUTTER, SPIEGEL, REARDON, & QUIRICO, JJ.

*Employment Security,* What constitutes unemployment.  *Words,* "Pay-
ment in lieu of dismissal notice," "Severance pay."

Substantial evidence supported findings by the board of review in the
division of employment security that money received from an employer
by a salaried employee immediately after permanent termination of
his employment without prior notice and solely because of a "reduc-
tion of work force," the amount of which was directly related to his
years of service and was not subject to limitation or repayment if he
obtained other employment, was "severance" pay, and did not con-
stitute "remuneration" within § 1 (r) (3) of the employment security
law, G. L. c. 151A, as amended by St. 1957, c. 632, and that the em-
ployee was entitled to benefits under § 29 while in "total unemploy-
ment"; the board was not bound to accept a classification of the
payment in the employer's confidential "Manual of Procedure" as
"remuneration in lieu of notice."

PETITION filed in the District Court of Lawrence on Sep-
tember 22, 1967, for review of a decision of the board of re-
view in the division of employment security.

The case was heard by *DeMarco, J.*

*John P. Morgan* for the petitioner.

*Joseph S. Ayoub,* Assistant Attorney General (*Hartley C.
Cutter,* Assistant Attorney General, & *Israel L. Cohen* with
him), for the respondent.

QUIRICO, J.  The petitioner (Bolta) appeals from a de-
cision of a judge of a District Court affirming the decision
of the board of review (board).  The board concluded that
Wallace D. Severin (the employee) was entitled to receive
unemployment benefits (benefits) under the employment
security law, G. L. c. 151A, for the weeks ending Decem-

356 Mass. 684                                                    685

Bolta Products Div.-Gen. Tire & Rubber Co. *v.* Director of Div. of Emp. Sec.

ber 3, 1966, through February 8, 1967, and thereby reversed the decision of the review examiner.

The employee was entitled to benefits under § 29 of the employment security law if he was in "total unemployment" during the weeks in question. Section 1 (r) of the law defines these words as follows: "(2) . . . [A]n individual shall be deemed to be in total unemployment in any week in which he performs no wage-earning services whatever, and for which he receives no remuneration, and in which, though capable of and available for work, he is unable to obtain any suitable work." The same subsection defines "remuneration" as "any consideration . . . received by an individual (1) from his employing unit for services rendered to such employing unit, (2) as net earnings from self-employment, and (3) as *payment in lieu of dismissal notice,* or as payment for vacation allowance during a period of regular employment. Remuneration shall be deemed to have been received in such week or weeks in which it was earned or for such week or weeks . . . to which it can reasonably be considered to apply" (emphasis supplied).[1]

The issue is whether money received by the employee from Bolta after it had terminated his employment on November 8, 1966, was "payment in lieu of dismissal notice" or "severance pay." If it was "payment in lieu of dismissal notice," it was "remuneration" as defined by statute, the receipt of which would disqualify the employee from receiving benefits. If it was "severance pay," it was not such remuneration and would not disqualify the employee. After a hearing the board concluded that the money paid "was a 'severance' payment, and did not constitute 'remuneration' within the meaning of Section 1 (r) (3)" of the employment security law.

The decision of the board that the payment in question was a "severance" payment must be affirmed unless it ap-

---

[1] The italicized language was inserted by St. 1957, c. 632, to replace the words "as severance payments, dismissal pay." See *Kalen* v. *Director of the Div. of Employment Sec.* 334 Mass. 503, decided July 27, 1956, involving the words "severance pay."

pears, as alleged by Bolta in its petition to the District Court, that it "is based on an error of law," or that it "is unsupported by substantial evidence," or that it "is unwarranted by the facts in the record." G. L. c. 151A, § 42; c. 30A, § 14 (8). The record before us includes all of the evidence which was before the board. We look to the record to see if it supports the board's decision, but we do not substitute our judgment for that of the board on its findings of facts. *Western Elec. Co. Inc.* v. *Director of the Div. of Employment Sec.* 340 Mass. 190, 192. *Conley* v. *Director of the Div. of Employment Sec.* 340 Mass. 315, 318.

The evidence before the board is summarized as follows: The employee had worked for Bolta for sixteen years prior to November 8, 1966, when his employment was terminated. For the last eight or ten years he was a shift supervisor at a salary of $703.13 a month, paid him bi-weekly. As a salaried employee he belonged to no union, he did not have the benefit of any collective bargaining contract, and he had no written contract of employment. Upon his arrival at work on November 8, 1966, his supervisor informed him that due to a reduction in the work force, his employment was terminated as of that day. He was told that there was nothing wrong with his work. He had received no prior notice of dismissal. The supervisor told him he would receive a check for his regular bi-weekly pay and another for "severance" pay. He left the plant within fifteen minutes thereafter. Three or four days later he received the bi-weekly pay check for the first two weeks of November. On or about November 17, 1966, he received another check in the net amount of $1,494.33 after deductions for Federal and State income taxes and social security taxes. The total of the two checks was equal to his salary for three months. On November 8, 1966, Bolta made a record entitled "NOTICE OF REMOVAL FROM PAYROLL" showing that the employee's termination was effective that date, and that he had been "released" because of "[r]eduction of work force." On that date and for some years prior thereto Bolta furnished certain of its offices with a "Manual of Procedure" covering

personnel procedures. At the plant where the employee worked no one was permitted to see the manual except the controller and the general manager. The manual was confidential, and employees were not supposed to know what it contained. The employee never learned of the existence of the manual until the hearings concerning this dispute.

Bolta contends that the two payments made to the employee after his employment was terminated were "payment[s] in lieu of dismissal notice" under G. L. c. 151A § 1 (r) (3). It bases the contention on the fact that it computed the amount and made the payments to the employee in accordance with the provisions of its confidential manual relating to "remuneration in lieu of notice."[2]

Whether the payments in question were "payments in lieu of dismissal notice" or whether they were "severance payments" is a question of fact to be decided by the board on all of the evidence. "The right of a discharged employee

| | |
|---|---|
| [2] "Remuneration in Lieu of Notice | When a person is released by the company he will receive remuneration in lieu of notice in accordance with the following provisions: |

|  | Paid on |
|---|---|
| Length of Service | Monthly Basis |
| Less than 4 months | No allowance |
| 4 months to 1 year | ½ month's pay |
| 1 year to 3 years | ¾ month's pay |
| 3 years to 5 years | 1½ month's pay |
| 5 years to 10 years | 2 months' pay |
| 10 years to 15 years | 2½ months' pay |
| 15 years to 20 years | 3 months' pay |
| Over 20 years | Special handling |

| | |
|---|---|
| "Remuneration in Lieu of Notice | When a person is discharged by the company for just cause or resigns, he will not be entitled to remuneration in lieu of notice.<br>If a released employee is notified on his date of termination of employment that he *is* being released, then he will be eligible to receive remuneration in lieu of notice.<br>If a released employee is notified of his release at any time prior to his date of termination of employment, he will not be eligible to receive remuneration in lieu of notice. |
| "Vacation | Vacation pay will be paid for vacation due and not taken in addition to release allowance (see Procedure P-6, Page 1). |
| "Severance pay | A person who voluntarily resigns from the company's employ will not be eligible for any severance pay. The company expects two weeks' notice of resignation." |

688                             356 Mass. 684

Bolta Products Div.-Gen. Tire & Rubber Co. *v.* Director of Div. of Emp. Sec.

to unemployment insurance benefits is to be adjudicated by the administrative authority and by the courts on the basis of the *fact* and is not to be determined by the employer on the basis of whatever label or designation he may from time to time apply." *Matter of Walker*, 28 App. Div. 2d (N. Y.) 256, 260. See also *Powell* v. *California Dept. of Employment*, 63 Cal. 2d 103, 109. The label which Bolta unilaterally applied to the payments in its confidential manual was a part of the evidence which the board was required to consider, but it was not binding on the board or the employee. In deciding what credence and weight to give to Bolta's label, the board could consider that Bolta had a pecuniary interest in not having its former employee become unemployed and eligible for benefits. G. L. c. 151A, § 14.

Our employment security law (G. L. c. 151A) has never defined the words "payment in lieu of dismissal notice" and "severance payments." In *Kalen* v. *Director of the Div. of Employment Sec.* 334 Mass. 503, 505–506, we discussed the words "severance payments" and "dismissal pay" as they were then used in the statute; but the following year the Legislature substituted for those words the new phrase "payment in lieu of dismissal notice." (St. 1957, c. 632.) This is the first time this new language has come before us. In its decision the board noted the absence of judicial precedents in this Commonwealth, and then stated the following definitions which it used and applied for the words in question: "A payment in lieu of dismissal notice may be defined as a payment made under the circumstances where the employing unit, not having given an advance notice of separation to an employee, and irrespective of the length of service of the employee, makes a payment to the employee equivalent to the wages which he could have earned had he been permitted to work during the period of notice. Severance pay, on the other hand, may be defined as a payment to an employee at the time of his separation in recognition and consideration of the past services he has performed for the employer and the amount is usually based on the number of years of service." Those definitions are sub-

356 Mass. 684 689

Bolta Products Div.-Gen. Tire & Rubber Co. *v.* Director of Div. of Emp. Sec.

stantially in accord with the accepted usage of the same words and phrases in similar statutes of other States.[3] The decisions of the courts of those States construing and defining these words and phrases furnish some guidance, even though they do not bind us.

Statute 1957, c. 632, eliminating "severance payments" and "dismissal pay" as disqualification for benefits, and substituting therefor the words "payment in lieu of dismissal notice" indicated a legislative intent to broaden the class of persons eligible for benefits. By the amendment the Legislature narrowed the kinds of terminal payments to employees which would disqualify them from receiving benefits under the employment security law.

Bolta's payments to the employee immediately after it terminated his employment had many of the attributes of "severance pay," notwithstanding the label unilaterally given to them by Bolta. The total amount paid was directly related to his years of service. It was not subject to limitation or repayment if he obtained other employment before the expiration of three months from Bolta's termination of his employment. He was permanently severed from his employment at Bolta, with no provision for being called

---

[3] (a) The decisions in *Schenley Distillers, Inc.* v. *Review Bd. of Ind. Employment Sec. Div.* 123 Ind. App. 508, 514, and *Dubois* v. *Maine Employment Sec. Commn.* 150 Maine, 494, state: "The term 'termination payments *in lieu of notice*,' has an accepted usage as follows: 'Dismissal notice may be defined as advance notice given by the employer of his intention to dismiss the employee. Sometimes in lieu of such notice the employee's salary is paid for the period which would otherwise be covered by the notice.'"

(b) The decisions in *Owens* v. *Press Publishing Co.* 20 N. J. 537, 545–546, *Adams* v. *Jersey Cent. Power & Light Co.* 21 N. J. 8, and *Western Elec. Co. Inc.* v. *Hussey*, 35 N. J. 250, state: "Severance pay is terminal compensation measured by the service given during the subsistence of the contract, in this case the collective bargaining agreement, payable on discharge from the employment not induced by misconduct, according to the prescribed formula, a means of recompense for the economic exigencies and privations and detriments resulting from the permanent separation of the employee from service for no fault of his own. In a real sense it is remuneration for the service rendered during the period covered by the agreement." The decisions in the *Owens* and *Adams* cases, *supra*, and in *McGowan* v. *Administrator, Unemployment Compensation Act*, 153 Conn. 691, 693–694, further define severance pay in almost identical language as a form of compensation for the termination of the employment relation, for reasons other than the displaced employee's misconduct, primarily to alleviate the consequent need for economic readjustment but also recompense him for certain losses attributable to the dismissal.

back or rehired. All of the benefits of his employment terminated with the possible exception of vested pension rights. Bolta's manual said that "the company expects two weeks' notice of resignation" from salaried employees who resigned voluntarily. (See fn. 2.) This gives some indication of what Bolta thought would be a reasonable notice of termination, and it was in no way related to the length of service of the person resigning.[4]

We hold that the board's decision is supported by substantial evidence, that it is warranted on the facts in the record, and that it is not based on any error of law. The decision of the District Court, affirming the decision of the board of review, is affirmed.

*So ordered.*

---

[4] Some basis for expecting mutuality of obligations to give notices of termination of employment is indicated by G. L. c. 149, § 159, even though it does not apply to this case. It provides that "a person engaged in manufacturing who requires from his employees, under penalty or forfeiture of a part of the wages earned by them, a notice of intention to leave such employ shall be liable to a like forfeiture, if, without similar notice, he discharges an employee."