■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ERNEST F. WILLIAMS, Appellant.—

No opinion. Munder, Acting P. J., Martuscello, Latham, Gulotta and Benjamin, JJ., concur.

THIRD DEPARTMENT, JUNE, 1971

(June 24, 1971)

■ In the Matter of the Claim of DANTE A. FACCIO, Respondent. MARTIN P. CATHERWOOD, as Industrial Commissioner, Appellant.— Appeal from a decision of the Unemployment Insurance Board, filed October 8, 1964, which determined claimant was entitled to benefits. Claimant's employment terminated on January 31, 1964, at which time he was finally discharged. He received on addition to his salary the sum of $800, representing accumulated earned vacation credits. No designation was made by the employer for a vacation period under its union agreement. However, a letter dated January 30, 1964 was delivered to claimant on January 31, 1964, advising him that he had earned a certain number of days of vacation credit for 1963 and 1964 amounting to $800, and "vacation pay [was] to start at date of termination" February 3, 1964. The board found claimant was eligible to receive unemployment insurance benefits for the four-week period immediately following his discharge. The question narrows to whether the pay received by claimant as accumulated vacation credits was vacation pay or severance pay. It has been firmly established that a dismissed employee, while unemployed and attempting to find work may receive severance pay and yet be entitled to unemployment insurance benefits. (Cf. Matter of Walker [Readers Digest — Catherwood], 28 A D 2d 256, 257.) Not so, however, with vacation pay designated for vacation purposes. (Cf. Matter of Friedman [Catherwood], 27 A D 2d 473.) The requirement of section 591 (subd. 3, par. [b]) of the Labor Law in regard to the employer designating time for vacation purposes does not permit a mislabeling or arbitrary designation as vacation pay. This was no vacation for claimant in the true sense of the word, no respite from work with rest and relaxation and an expectation of return at the end of the period. We find that the $800 paid to claimant was clearly a dismissal payment, the right to which was earned by him during prior service. (Matter of Walker [Readers Digest — Catherwood], supra.) Decision affirmed, with costs. Herlihy, P. J., Aulisi, Greenblott, Cooke and Sweeney, JJ., concur.

■ ADA WILLIAMS, Appellant, v. FRANK C. FUTTERER et al., Respondents. (And Another Action.) — Appeal from a judgment of the Supreme Court, Albany County, entered on a jury verdict of no cause of action. Present is solely a factual dispute as to the circumstances which resulted in the accident. The credibility of the witnesses and the weight of the evidence were for the jury's determination and we find no basis to disturb its verdict of no cause of action. Judgment affirmed, without costs. Reynolds, J. P., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur.