■ In the Matter of the Claim of ISIDORE BERGER, Appellant. LOUIS L.

LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 4, 1975, which reversed the decision of a referee and sustained an initial determination of the Industrial Commissioner ruling claimant ineligible to receive unemployment insurance benefits effective March 10, 1975 on the ground that he was not totally unemployed. Claimant, an employee for the City of New York, last worked as an active employee on March 7, 1975. After that date he was on annual leave to May 9, 1975, and thereafter on terminal leave for the purpose of exhausting all of his accumulated leave prior to his mandatory retirement beginning January 1, 1976. While on terminal leave, claimant remained on the payroll and received his usual pay checks on the regularly scheduled paydays, with the usual payroll deductions. The board held that the employer-employee relationship was to continue until the claimant exhausted all of his leave credits and thus found the claimant not totally unemployed. The decision should be reversed. We have established the rule that an employee is entitled to unemployment insurance benefits while he receives severance pay *(Matter of Faccio [Catherwood]*, 37 AD2d 633; *Matter of Walker [Catherwood]*, 28 AD2d 256, 257). The weekly payments made to claimant after his annual vacation was used up were earned during prior service. These sums became due and payable only by reason of claimant's severance and thus constitute severance pay as a matter of law. *Matter of Blitz (Corsi)* (275 App Div 1015, affd 302 NY 573), relied upon by the board is inapposite. In that case, the claimant received vacation pay after his termination. In the case at bar, claimant received annual leave pay from March 10, 1975 until May 9, 1975, after which he received terminal leave payments until December 31, 1975. Claimant is ineligible for unemployment benefits under *Matter of Blitz (Corsi) (supra)* only until May 9, 1975. Thus claimant's entitlement to unemployment insurance benefits dates from May 9, 1975, as he contends. Decision reversed, with costs to appellant, and claim remitted for further proceedings not inconsistent herewith. Koreman, P. J., Greenblott, Sweeney, Mahoney and Reynolds, JJ., concur.