Vincent M. Hock, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Lehigh Portland Cement Company, Respondents.

Argued March 10, 1980, before Judges Mencer, Blatt and MacPhail, sitting as a panel of three.

*Vincent M. Hock,* for himself, petitioner.

*Gary Marini,* Assistant Attorney General, with him *David R. Confer,* Assistant Attorney General, *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondents.

Opinion by Judge MacPhail, April 16, 1980:

The sole issue raised by this appeal is whether the receipt of termination benefits disqualifies a claimant from receiving unemployment compensation benefits pursuant to Sections 4(u) and 404 of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. [1937] 2897, *as amended,*

43 P.S. §§753(u) and 804. We are constrained to hold that such receipt does not disqualify a claimant from receiving unemployment compensation benefits.

The facts of this case are not in dispute. Vincent M. Hock (Claimant) was employed as a corporate attorney by Lehigh Portland Cement Company (Employer) from April 1, 1968 until September 28, 1978, his last day of work. Employer terminated Claimant's position on that date because of a desire to reduce the size of its staff. At the time of the termination, Claimant was receiving a salary of $2,850.00 per month. Upon his termination, Claimant received a lump sum payment of $1,183.86 representing vacation pay. He was maintained on Employer's payroll until December 15, 1978. During that time, he received payments amounting to 11 weeks of his prior salary and various fringe benefits. The salary payments were based on his service with Employer—one week's salary for each year of employment.

Following the termination, Claimant applied for unemployment compensation benefits. His application was refused by the Bureau (now Office) of Employment Security (Bureau) on the basis that he was not "unemployed" as that term is defined in Section 4(u) of the Law. Claimant appealed the Bureau's decision and following a brief hearing at which Claimant and Employer's representative testified, the referee affirmed the Bureau's determination. Claimant appealed the referee's decision to the Unemployment Compensation Board of Review (Board) which remanded the matter to the referee for the purpose of taking further testimony on certain issues. Neither Claimant nor Employer offered further testimony at the remand hearing, but Claimant did submit a letter addressing the issues raised by the Board. The Board then affirmed the referee's earlier decision and Claimant appealed that order to this Court.

In 1949, our Superior Court held in *Fazio Unemployment Compensation Case,* 164 Pa. Superior Ct. 9, 63 A.2d 489 (1949), that the receipt of "voluntary dismissal pay" rendered a claimant ineligible to receive unemployment compensation benefits. That Court reached a similar decision in 1961 in *Parker Unemployment Compensation Case,* 196 Pa. Superior Ct. 344, 174 A.2d 664 (1961). Due to subsequent amendments in the law governing Pennsylvania's unemployment compensation program, however, we must hold that *Fazio* and *Parker* no longer control.

In 1949, when *Fazio* was decided, Section 4(u) of the Law read:

'Unemployment'—An individual shall be deemed unemployed with respect to any week during which he performs no services and with respect to which no remuneration is paid or payable to him, or with respect to any week of less than his full-time work if the remuneration paid or payable to him with respect to such week is less than his weekly benefit rate: *Provided, That for the purposes of this subsection,* (i) vacation pay and similar payments, whether or not legally required to be paid, and (ii) *wages in lieu of notice, separation allowances, dismissal wages and similar payments, which are legally required to be paid, shall be deemed, in accordance with rules and regulations of the department, remuneration paid or payable with respect to the week or weeks for which such payments are made.* (Emphasis added.)

Between the dates of the *Fazio* and *Parker* decisions, Section 4(u) was amended several times. Each time, however, the Section retained the proviso that separation allowances, dismissal wages, and similar payments were to be considered remuneration paid or payable with respect to the week or weeks for which

such payments were made. Section 4(u) was amended again by Section 1 of the Act of March 24, 1964, Spec. Sess., P.L. 53 and that time the proviso was eliminated from the section. Today, Section 4(u) reads:

'Unemployed'

An individual shall be deemed unemployed (I) with respect to any week (i) during which he performs no services for which remuneration is paid or payable to him and (ii) with respect to which no remuneration is paid or payable to him, or (II) with respect to any week of less than his full-time work if the remuneration paid or payable to him with respect to such week is less than his weekly benefit rate plus his partial benefit credit.

For the reasons which follow, we hold that Section 4(u) does not preclude a claimant who receives dismissal wages from receiving unemployment compensation benefits as well.

First, we note that "A change of language in subsequent statutes on the same matter indicates a change of legislative intent." *Haughey v. Dillon,* 379 Pa. 1, 6, 108 A.2d 69, 72 (1954). *Masland v. Bachman,* 473 Pa. 280, 289, 374 A.2d 517, 521 (1977); *Nemitz v. Air Services International,* 7 Pa. Commonwealth Ct. 373, 379, 298 A.2d 654, 657 (1972). The legislature's deletion in 1964 of the proviso in Section 4(u) relating to severance or dismissal wages is strong indication of its intention to change the meaning of that section. Our Supreme Court recently reached a similar conclusion in *Buss v. Unemployment Compensation Board of Review,* 487 Pa. 610, 410 A.2d 779 (1980).

In *Buss,* the issue was whether a claimant on indefinite leave from work and eligible to receive accumulated vacation pay was ineligible for unemployment compensation benefits. The Court held there that the amendment to Section 4(u) coupled with an

amendment to Section 404(d) evidenced a legislative intent to treat vacation pay not as a factor which would disqualify a claimant from receiving benefits but rather as a factor which would be used in computing benefits due. Our conclusion is the same.[1]

Second, a plain reading of Section 4(u) and the application of the Law to the facts of this case reinforce our holding. An individual shall be deemed unemployed with respect to any week during which he or she (1) performs no services for which remuneration is paid or payable and (2) with respect to which no remuneration is paid or payable. Claimant was dismissed from his employment on September 28, 1978. He performed no services for Employer after that date and there can be no question that he met the first requirement of unemployment. The more difficult question is whether the payments he received between September 28, 1978 and December 15, 1978 disqualify him pursuant to the second requirement.

The key to determining that issue is an understanding of the phrase "with respect to which." Merely because the payments were made during the weeks at issue does not mean that they were made *with respect to* those weeks. The Unemployment Compensation Law does not define the term "remuneration." The standard judicial definition of the term, however, is "payment for services performed." *Gianfelice Unemployment Compensation Case*, 396 Pa. 545, 555, 153 A.2d 906, 911 (1959). The question, then, is when were the services performed for which Claimant received payment. Clearly, they were performed between April

---

[1] Prior to 1971, Section 404(d) of the Law required that severance or separation allowances or dismissal wages be deducted from the total unemployment compensation due a claimant. That provision was deleted by Section 18 of the Act of September 27, 1971, P.L. 460. Section 404(d) as it exists today does not require that unemployment compensation benefits be reduced by such payments.

1, 1968 and September 28, 1978. It was Employer's policy to pay to any employee it terminated for reasons such as those evident here one week's salary for each year of service. Employer's representative indicated in his testimony that the reason for such payments was to help the employee through the transition period of finding new employment. That motive is not conclusive, however, on the "with respect to which" issue. Claimant received the equivalent of eleven weeks salary in recognition of his eleven years of service to Employer. There is no indication on the record that had he located new employment the day following his dismissal that his termination benefits would have ceased. Nor is there any indication that had he remained unemployed beyond eleven weeks the payments would have continued beyond December 15. We also think that it is irrelevant that Claimant received these payments periodically rather than as a lump sum. In either event, they represented payments in recognition of past not present service and in neither event would they disqualify him from receiving unemployment compensation benefits.

The Board argues that this Court's opinion in *Hyduchak v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 575, 387 A.2d 669 (1978) is controlling on the issue before us now and mandates that we hold that Claimant is ineligible for unemployment compensation benefits. The difference between *Hyduchak* and this case is the difference between regular wages and termination benefits. In *Hyduchak,* claimants, who were school teachers, had the option of receiving a lump sum payment equaling the biweekly pay which they would normally receive over the summer months or of continuing to receive their biweekly checks throughout the summer. The claimants chose the latter and also applied for unemployment compensation benefits. We held that the

wages received by the teachers constituted remuneration paid or payable with respect to the summer months and, therefore, that the teachers were ineligible to receive unemployment compensation benefits. Conceivably, a similar situation could have arisen here if Employer (1) had told Claimant that he would be discharged on September 28, 1978, (2) at Claimant's request, had withheld one week's salary out of every month he worked for the year prior to his release, and (3) then had paid it to him over a three month period following his dismissal. In essence, he would have been receiving his regular salary spread out over a period of time longer than that during which it was earned. That is not what happened here, however. Here, Claimant had received all of his regular salary due by the date of his dismissal. The additional compensation he received subsequent to his dismissal cannot be deemed to have been earned *during* the time he received it. It related solely to eleven years of past service and must be treated as remuneration *with respect to* those eleven years. Our decision in *Hyduchak*, therefore, is not controlling on our decision here.

Finally, although we do not find decisions from other jurisdictions controlling on the issue before us, we do find them persuasive. In the overwhelming majority of jurisdictions in which the issue has been considered, the courts have determined that the receipt of dismissal or severance benefits will not disqualify a claimant from also receiving unemployment compensation benefits. *See, e.g., State Departmentof Industrial Relations v. Deslattes,* 372 So. 2d 867 (Ala. Civ. App. 1979); *Industrial Commission of Colorado v. Sirokman,* 134 Colo. 481, 306 P.2d 669 (1957); *Meakins v. Huiet,* 100 Ga. App. 557, 112 S.E.2d 167 (1959); *Kroger Co. v. Blumenthal,* 13 Ill. 2d 222, 148 N.E.2d 734 (1958); *Southwestern Bell Telephone Co. v. Employment Security Board of Review,* 189 Kan. 600, 371

P.2d 134 (1962); *George v. Brown,* 144 So. 2d 140 (La. App. 1962); *Swift & Co. v. Brown,* 132 So. 2d 508 (La. App. 1961); *Ackerson v. Western Union Tel. Co.,* 234 Minn. 271, 48 N.W.2d 338 (1951); *Western Electric Co. v. Hussey,* 35 N.J. 250, 172 A.2d 645 (1961); *Berger v. Levine,* 53 A.D.2d 730, 384 N.Y.S.2d 44 (1976), *rev'd on other grounds,* 41 N.Y.2d 1065, 364 N.E.2d 848, 396 N.Y.S.2d 184 (1977); *Faccio v. Catherwood,* 37 A.D.2d 633, 322 N.Y.S.2d 379 (1971), *aff'd,* 31 N.Y. 2d 702, 289 N.E.2d 554, 337 N.Y.S.2d 512 (1972); *Southern Bell Telephone and Telegraph Co. v. South Carolina Employment Security Commission,* 240 S.C. 40, 124 S.E.2d 505 (1962); *Balding v. Tennessee Department of Employment Security,* 212 Tenn. 517, 370 S.W.2d 546 (1963); *Western Union Tel. Co. v. Texas Employment Commission,* 243 S.W.2d 217 (Tex. Civ. App. 1951). In the four jurisdictions where the courts have held claimants receiving dismissal benefits ineligible to receive unemployment compensation benefits, there exists express statutory authority in support of such disqualification. *See, Thornbrough v. Gage,* 234 Ark. 15, 350 S.W.2d 306 (1961); *Brannigan v. Administrator, Unemployment Compensation Act,* 139 Conn. 572, 95 A.2d 798 (1953); *Pyrdol v. Administrator, Unemployment Compensation Act,* 27 Conn. Supp. 168, 233 A.2d 146 (1967); *Globe-Democrat Publishing Co. v. Industrial Commission,* 301 S.W.2d 846 (Mo. App. 1957); *In Re Tyson,* 253 N.C. 662, 117 S.E.2d 854 (1961). In three jurisdictions, claimants receiving dismissal benefits were at one time disqualified from receiving unemployment compensation benefits, but now are eligible to receive benefits. *See Bradshaw v. California Employment Stabilization Commission,* 46 Cal. 2d 608, 297 P.2d 970 (1956) (disqualification based on public policy and statutory grounds; rule changed by legislation enacted subsequent to the *Bradshaw* decision, *see Powell v. California Department of Employ-*

*ment,* 63 Cal. 2d 103, 45 Cal. Rptr. 136, 403 P.2d 392 (1965)); *Kalen v. Director of the Division of Employment Security,* 334 Mass. 503, 136 N.E.2d 257 (1956); *Cerce v. Director of the Division of Employment Security,* 333 Mass. 130, 128 N.E.2d 793 (1955) (disqualification based on statutory grounds; legislature deleted disqualifying provision from statute and Supreme Court held receipt of severance pay not a disqualifying factor in relation to unemployment compensation benefits, *Bolta Products Division v. Director of Division of Employment Security,* 356 Mass. 684, 255 N.E.2d 357 (1970)); *Krupa v. Western Union Tel. Co.,* 90 Ohio App. 90, 103 N.E.2d 784 (1951) (disqualification based on statutory grounds; statutory change overruling the decision in *Krupa* indicated in *Employees Credit Union, Inc. v. Glanton,* 18 Ohio Op. 2d 490, 176 N.E.2d 926 (1961)). We believe that the reasoning set forth by the Courts in those jurisdictions which do not disqualify dismissal benefit recipients from receiving unemployment compensation is sound and, upon examination of the issue, we agree with it.

We are not unmindful of the ramifications of our decision today. In reality, those persons who are dismissed from their employment for no fault of their own and who are provided with dismissal or severance benefits will now be able to apply for unemployment compensation as well. The problem, however, is not one for the Courts, but rather for the legislature. We have interpreted the Unemployment Compensation Law as it is written. Although the outcome may be economically unfortunate for all but a few claimants, it is true to the Law. As we have noted, at one time the legislature prohibited claimants from receiving both dismissal benefits and unemployment compensation benefits. It may do so again. Furthermore, if employers disagree with our result they may discontinue dismissal benefits of this nature.

For the foregoing reasons, the order of the Board is reversed and this case is remanded for a computation of benefits due Claimant.

### ORDER

AND Now, this 16th day of April, 1980, the Order of the Unemployment Compensation Board of Review, Decision No. B-168122, dated January 19, 1979, is reversed and this case is remanded for a computation of benefits due Claimant Vincent M. Hock.