■ In the Matter of the Claim of SCOTT FLAX, Respondent. CITY UNIVERSITY OF NEW YORK, Appellant; THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Casey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 13, 1988.

Pursuant to Labor Law § 591 (3) (a), "[n]o benefits shall be payable to a claimant for any day during a paid vacation period", which is defined as "the time designated for vacation purposes in accordance with the collective bargaining agreement" (Labor Law § 591 [3] [b]). Claimant herein was employed as a college assistant and at the end of the fiscal year he had a number of hours of accrued annual leave. The collective bargaining agreement provided that where unused leave remained to the credit of a college assistant at the end of a fiscal year, payment for such accrued leave was to be made in the next regular pay period, which "shall be a scheduled vacation period for such employee". Pursuant to this provision, claimant was paid for his accrued leave during the first pay period of the next fiscal year. The employer contended that claimant was not eligible for benefits during this period since it was "a scheduled vacation period" pursuant to the collective bargaining agreement. The Unemployment Insurance Appeal Board, however, concluded that because claimant actually continued to work part time for the

employer during the disputed period, it was not a "vacation period" within the meaning of Labor Law § 591 (3).

According to the Board, a "vacation period", as that term is used in Labor Law § 591 (3), includes "the normal concept of a vacation as a respite from work". On its face, the Board's interpretation has a certain logic *(see, Matter of Faccio [Catherwood],* 37 AD2d 633, *affd* 31 NY2d 702), but in the context of this case we are of the view that the Board's construction leads to an absurd result and is irrational. The purpose of unemployment compensation is " 'to cushion the shock of seasonal, cyclical, or technological unemployment' " *(Lascaris v Wyman,* 31 NY2d 386, 394, *cert denied sub nom. Chamber of Commerce v Lavine,* 414 US 832, quoting *ITT Lamp Div. v Minter,* 435 F2d 989, 994-995, *cert denied* 402 US 933). The statement of public policy, included in the Unemployment Insurance Law (Labor Law art 18) "[a]s a guide to the interpretation and application of this article" (Labor Law § 501), contains no less than eight references to the words "unemployment" or "unemployed". Nevertheless, in the case at bar, the Board has construed the statutory term "vacation period" in such a manner that claimant's eligibility for unemployment insurance benefits turns not on his unemployment, but upon his continued employment. Had claimant actually been unemployed during the disputed period, he concededly would not have been eligible for benefits since that period would have been a vacation period. The Board's interpretation of the statute, which makes an otherwise ineligible claimant eligible for benefits solely because he is employed, is in clear conflict with the purpose of the Unemployment Insurance Law and the stated public policy behind that law.

Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this court's decision. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.