**Shannon M. KILLIAN–McCOMBIE, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 18, 2013.

Decided March 4, 2013.

Shannon M. Killian–McCombie, pro se.

Janet M. Tarczy, Assistant Chief Counsel, Harrisburg, for respondent.

BEFORE: COHN JUBELIRER, Judge, and SIMPSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Shannon M. Killian–McCombie (Claimant) petitions for review of the August 1, 2012, order of the Unemployment Compensation Board of Review (UCBR), which reversed the referee's determination and found Claimant's severance deductible under the provisions of section 404(d)(1) of the Unemployment Compensation Law (Law).[1] We affirm.

Claimant was employed as a full-time human resources representative for Land O'Lakes, Inc. (Employer) from March 14, 1994, through March 16, 2012. In December 2011, Employer discussed a separation of employment and a possible severance agreement with Claimant. In January 2012, Employer informed Claimant that her position would be eliminated effective March 16, 2012. (UCBR's Findings of Fact, Nos. 1–3.)

On March 16, 2012, Claimant signed and accepted a severance agreement. Employer signed the agreement on March 19, 2012. Pursuant to the agreement, Employer paid Claimant $44,135.82 in severance. Claimant filed for unemployment compensation (UC) benefits immediately after her separation from work. Based on Claimant's regular full-time weekly wage of $1,226.00, Claimant's weekly benefit rate is $573.00 and her partial benefit credit is $230.00. (UCBR's Findings of Fact, Nos. 4–10.)

On April 5, 2012, the Altoona UC Service Center (Service Center) determined that Claimant's severance pay is deductible from her weekly benefit rate under section 404(d)(1) of the Law, beginning with waiting week ending March 24, 2012, and Claimant's revised weekly benefit rate is $0 for claim weeks ending March 24, 2012, through August 11, 2012, and $150.00 for claim week ending August 18, 2012. Claimant appealed to the referee.

The referee held a hearing and, on June 14, 2012, reversed the Service Center's determination. The referee determined that Claimant's severance pay is not deductible under section 404(d)(1) of the Law. Claimant's weekly benefit rate remains at $573.00. Employer appealed to the UCBR.

On August 1, 2012, the UCBR reversed the referee's decision determining that Claimant and Employer did not enter into an agreement until after January 1, 2012, and, therefore, Claimant's severance is deductible under section 404(d)(1) of the Law. Claimant now petitions this court for review.[2]

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 804(d)(1). The UCBR states that Claimant's severance is deductible under section 404(d)(1.1) of the Law, added by Section 5 of the Act of June 17, 2011, P.L. 16, 43 P.S. § 804(d)(1.1). However, section 404(d)(1.1) merely defines severance, whereas section 404(d)(1) of the Law requires the deduction of severance pay.

Claimant contends that the UCBR erred in determining that Claimant's severance pay is deductible under section 404(d)(1) of the Law. Specifically, Claimant asserts that she and Employer made the severance agreement on December 15, 2011, and that the severance pay is not to be deductible under section 404(d)(1) of the Law because section 404(d)(1) of the Law does not apply to severance agreements agreed to prior to January 1, 2012. We disagree.

Prior to January 1, 2012, severance payments received by an employee from her employer based upon her separation from employment were not deductible from the employee's UC benefits. *Hock v. Unemployment Compensation Board of Review*, 50 Pa.Cmwlth. 517, 413 A.2d 444, 448 (1980). However, on January 1, 2012, section 404(d)(1)(iii) of the Law, which requires the deduction of severance pay-

ments from UC benefits, became applicable.[3]

The UCBR found that: (1) in December 2011, Claimant and Employer discussed the elimination of Claimant's position and severance payments; (2) in January 2012, Employer informed Claimant by letter that Claimant's position would be eliminated effective March 16, 2012; (3) in a second letter, dated January 18, 2012, Employer notified Claimant of the termination of her employment effective March 16, 2012[4]; and (4) the Separation Agreement and Release, which finalized the severance payable to Claimant, was signed by Claimant on March 16, 2012, and by Employer on March 19, 2012. (UCBR's Findings of Fact Nos. 2–4.)

"The law is clear that the [UCBR] is the ultimate finder of fact and arbiter of witness credibility. Thus, as long as the [UCBR's] factual findings are supported

---

**2.** Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

**3.** Section 404 of the Law, 43 P.S. § 804 (Historical and Statutory Notes), provides that the amendment of subsection (d)(1) and the addition of subsection (d)(1.1) of the Law do not apply to severance pay agreements that were agreed to by an employer and employee prior to January 1, 2012. Sections 404(d)(1) and (1.1) of the Law provide in relevant part:

> (d)(1) Notwithstanding any other provisions of this section each eligible employe who is unemployed with respect to any week ending subsequent to July 1, 1980 shall be paid, with respect to such week, compensation in an amount equal to his weekly benefit rate less the total of … (iii) the amount of severance pay that is attributed to the week.
> (1.1) For purposes of clause (1)(iii), all of the following apply:

> (i) "Severance pay" means one or more payments made by an employer to an employe on account of separation from the service of the employer, regardless of whether the employer is legally bound by contract, statute or otherwise to make such payments.

> &#42; &#42; &#42;

> (iii) Severance pay is attributed as follows:
> (A) Severance pay is attributed to the day, days, week or weeks immediately following the employe's separation.

43 P.S. § 804(d)(1) and (1.1).

**4.** The letter states that "[i]n exchange for your signature on a Separation Agreement and Release acceptable in form to [Employer], you will be provided with [the] following benefits following your separation of employment." (Employer Letter, 1/18/12, at 1.) The letter further sets forth the exact amount of severance Claimant would receive, benefit continuation and outplacement services information, and the amount of paid time off Claimant would be entitled to upon acceptance of the Separation Agreement and Release. (*Id.* at 1–2.).

by substantial evidence, those findings are conclusive on appeal." *Bruce v. Unemployment Compensation Board of Review*, 2 A.3d 667, 671 (Pa.Cmwlth.2010) (internal citation omitted). The evidence establishes that although Claimant and Employer discussed potential separation in December 2011, they signed no agreement until after January 1, 2012. We agree with the UCBR that the discussion in December 2011 did not constitute an agreement. Claimant and Employer signed the severance agreement in March 2012. The UCBR did not err in determining that section 404(d)(1) of the Law applied and that Claimant's severance is deductible from her UC benefits.

Accordingly, we affirm.

## ORDER

AND NOW, this 4th day of March, 2013, we hereby affirm the August 1, 2012, order of the Unemployment Compensation Board of Review.