## No. 18,096.

INDUSTRIAL COMMISSION OF COLORADO, ET AL. *v.*
MILLIE SIROKMAN, ET AL.
(306 P. [2d] 669)

Decided January 28, 1957.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, D*eputy*, Mr. JAMES E. RENNER, Assistant, for plaintiffs in error.

Messrs. GRAHAM & SCHEUNEMANN, for defendants in error.

*In Department.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

THIS action is here on writ of error to review a final judgment of the district court of the City and County of Denver reversing the findings and order of the Industrial Commission of the State of Colorado which denied the claimed right of defendants in error to receive benefits under the Employment Security Act. We will refer to defendants in error as claimants and to plaintiffs in error as the Commission or the director, depending on whether the reference is to the Industrial Commission or to Bernard E. Teets, Director of Employment.

The facts, which are not in dispute, are as follows: Claimants were for a number of years employed by Armour and Company but the company having closed down the department in which they were employed, their status as employees was terminated. Each of claim-

ants was paid a separation allowance in compliance with the terms of a collective bargaining agreement between the company and the authorized union representing these employees. The amount of this separation allowance was computed as per the schedule contained in the union contract and was graduated upward as length of continuous service increased. The measure of the amount of allowance was a specified number of weeks pay depending on length of service. The contract contained the following pertinent language:

"118. (a) When paid: Separation allowances shall be paid to employees having one or more years of continuous service who are permanently dropped from the service because of a reduction in forces arising out of the closing of a department or unit of the business and when it is not expected that they will be reemployed."

Immediately after termination of their employment and acceptance of the separation allowance, claimants applied for unemployment benefits. The director denied the claims and, pursuant to the procedures prescribed by law, they were ultimately heard by the Commission and were denied. Complaint was thereupon filed in the district court seeking review of the record before the Commission. Upon hearing the issues framed by the pleadings, the district court reversed the Commission and adjudged that claimants were entitled to the relief sought.

The following statutory provisions are pertinent to the issues:

C.R.S. 1953, 82-1-3 (10) (a). "An individual shall be deemed 'totally unemployed' in any week during which he performs no services and with respect to which no wages are payable to him. * * *"

C.R.S. 1953, 82-1-3 (12). " 'Wages' means all remuneration for personal services, including the cash value of all remunerations paid in any medium other than cash; except that * * * [for determination of amount of benefits] such term shall not include:

484

\* \* \*

"(d) Dismissal payments which the employer is not legally required to make."

C.R.S. 1953, 82-4-12. "An individual shall be disqualified for benefits for any week with respect to which he is receiving or has received remuneration in the form of:

"(1) Wages in lieu of notice; \* \* \*"

The Commission based the denial of the claims upon the conclusion of law that, "\* \* \* the separation payments made to these workers are wages paid for periods of unemployment after separation from work and must be treated in the same class as 'Wages in lieu of notice' in Section 84-4-12 (1) C.R.S. 1953."

Question to be Determined.

*Where employment of persons is terminated by reason of the employer closing down a department; and where a separation allowance is paid the employee in a sum based on his weekly wage and the duration of continuous service; is the employee eligible to receive unemployment compensation prior to the expiration of the time which would be required to exhaust the full allowance if it had been received in weekly amounts equal to his weekly wage?*

█ The question is answered in the affirmative. Under the statutory definition of an unemployed person hereinabove quoted we direct attention to the fact that two conditions must co-exist, namely, no service must be performed during the week *and* no wages are payable to him "with respect to" services performed in that week. It is clear that claimants meet these requirements. After the termination of their employment no further service was performed by them and obviously no wages "with respect to" further service was payable to them.

█ It also is clear that the separation allowance comes within the definition of the term "wages" as contained in C.R.S. 1953, 82-1-3 (12) above quoted, since the allowance, which is based upon length of service and weekly wage, is an obligation which the employer is

legally bound to pay under the terms of the union contract.

██ C.R.S. 1953, 82-4-12, disqualifies an employee for benefits, "For any week with respect to which he is receiving or has received remuneration in the form of wages in lieu of notice." We must determine whether the separation allowances were received by claimants "in lieu of notice." We think the "wages" received as separation allowance under the circumstances disclosed by the record, were received with respect to periods of employment which were prior to the separation, and not with respect to periods of time or weeks subsequent thereto, and that the allowance cannot be considered to be "wages in lieu of notice."

██ Unemployment compensation acts are to be liberally construed to further their remedial and beneficient purposes. *Campbell Soup Co. v. Board of Review,* 13 N.J. 431, 100 A. (2d) 287. *Ford Motor Co. v. Kentucky Unemployment Comp. Com.,* (Ky.) (1951) 243 S.W. (2d) 657.

In *Dubois v. Maine Employment Security Commission,* 150 Me. 494, 114 A. (2d) 359, the statute under consideration provided that benefits should be paid to "each eligible individual who is totally unemployed in any week." The statute further provided that, "An individual shall be deemed 'totally unemployed' any week with respect to which no wages are payable to him and during which he performs no services." The opinion of the court in that case contains the following:

"Obviously these claimants performed no services during the weeks immediately following their retirement, but they must also show that no wages were paid to them 'with respect to' those weeks, and upon this issue the Commission contends that they failed to qualify. Under the contract formula, one of these claimants received the equivalent of eighteen weeks' pay based on eighteen years of employment, while the other claimant received the equivalent of twenty weeks' pay, the maxi-

mum allowable, based on many more than twenty years of employment. The Commission contends that these payments were remuneration in the form of wages properly and legally allocable to, and paid 'with respect to', the eighteen and twenty weeks respectively immediately following the separation from work. Neither the research of able counsel nor our own has disclosed any case in any jurisdiction squarely deciding this issue or dealing with a modified or lump sum pension plan such as is here involved, and it is presently our understanding that the case is one of novel impression.

"We do not think these lump sum payments were 'wages' paid 'with respect to' the weeks following separation. Sec. 3, Subsec. XIX provides in part, ' "Wages" means all remuneration for personal services, including commissions and bonuses and the cash value of all remuneration in any medium other than cash.' No personal services were performed after retirement. Thus it follows that if the payment was for personal services, it was necessarily for past personal services without any relationship to the weeks following retirement, * * *.

                    *       *       *

"We think the Commission has taken too literally the use of the word 'weeks' in the contract formula used to compute the lump sum payment. It has assumed that the reference must be to some particular weeks, specifically the weeks immediately following retirement. The manifest purport of the formula is otherwise. Properly interpreted, the formula produces an arbitrary lump sum reward for the quality of the whole service of the employee, a sum which is fixed in a range of from fifteen to twenty times the weekly pay received in the last week of that service. The payment is not related or made 'with respect to' any particular weeks, either past or future. It is doubtful if the problem would have arisen if the contract had established some arbitrary fixed sum such as $1,000 rather than to provide a com-

·putation by formula, yet the intention would have been the same."

█ We are in agreement with the language above quoted, and application thereof to the facts· before us leads to the conclusion that the separation allowance due claimants was earned by them during the years in which their services were performed, and that the date of payment was the time of termination of employment. The right to receive the allowance and the obligation to pay were contractual rights and obligations. The reference to the weekly wage of the employee in the formula used for mathematical computation of the amount of the allowance is nothing more than a measuring device for determining the amount due the discharged employee under the contract.

The judgment is affirmed.

MR. JUSTICE KNAUSS, MR. JUSTICE SUTTON and MR. JUSTICE DAY concur.