## No. 26962

**Owen M. Olsgard v. Industrial Commission and Colorado Springs Auto Parts Company**

(548 P.2d 910)

Decided April 19, 1976.                    Rehearing denied May 10, 1976.

Loa E. bliss, for petitioner.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, John Kezer, Assistant, for respondent Industrial Commission.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

In this unemployment compensation case, the Industrial Commission affirmed a decision of the referee which imposed a 26-week disqualification from unemployment compensation upon the appellant, Owen M. Olsgard, pursuant to 1965 Perm. Supp., C.R.S. 1963, 82-4-8(6)(b)(xvi).[1] The statutory subsection in issue limits the receipt of unemployment benefits by a claimant when termination of employment results from: "[r]udeness, insolence, or offensive behavior of the worker not reasonably to be countenanced by a customer, supervisor, or fellow worker." We affirm.

Olsgard was hired as a machinist on an hourly basis by Colorado Springs Auto Parts. He began work in February of 1973 and was terminated in July of 1974. The events leading up to his termination involved a controversy between Olsgard and the owner of Colorado Springs Auto Parts regarding the refusal of the owner to pay Olsgard for a day missed from work because of illness. Olsgard had called in sick and had been told by a foreman that he should not report for work if he was sick. The company had no fixed policy on sick leave, although generally employees had been paid on an ad hoc basis.

The claimant approached the owner three different times about not being paid for the day he was sick. The owner, who was elderly and in poor health, refused to make a decision the first time. The second time, the claimant became upset when the owner told him, "Here is your check. If you don't like it get out." During this confrontation, the claimant told the owner that he was "going to puke right in [the owner's] face the next time he got sick." Coming back a third time, the claimant stated again, this time in the presence of other employees, that he would puke in the owner's face. The owner's son, James Kramer, who was the general manager, terminated Olsgard at that point.

In this review, we must determine whether the claimant was discharged due to rudeness, insolence, or offensive behavior not reasonably to be countenanced by his supervisor or fellow workers. The legislative intent behind the Colorado Employment Security Act is clear. The funds reserved pursuant to the statute are to be used to benefit persons "unemployed through no fault of their own." C.R.S. 1963, 82-1-2.[2] The expressed policy is made effective by C.R.S. 1963, 82-4-8(6),[3] which describes the circumstances where "no award is to be given."

---

[1] Now section 8-73-108(6)(p), C.R.S. 1973.
[2] Now section 8-70-102, C.R.S. 1973.
[3] Now section 8-73-108(6), C.R.S. 1973.

In this case, the Industrial Commission reviewed the record before the referee and concluded that the referee's findings, denying the employee unemployment compensation, were supported by competent and substantial evidence, and that the referee's decision was made in accordance with the statutory test. Since there is substantial evidence in the record to justify the findings of fact and the conclusions of the commission, the commission's determination should not be disturbed by us on appeal. *Morrison Road Bar, Inc. v. Industrial Comm.*, 138 Colo. 16, 328 P.2d 1076 (1958); *see also Industrial Commission v. Bennett*, 166 Colo. 101, 441 P.2d 648 (1968).

The other errors asserted by the claimant in this case are without merit.

Accordingly, we affirm the order of the Industrial Commission.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE DAY do not participate.