**Rebecca BOCKMON, Petitioner,**

v.

**MOUNTAIN STATES TELEPHONE & TELEGRAPH, and the Industrial Commission of the State of Colorado, Respondents.**

No. 86CA0611.

Colorado Court of Appeals,
Div. II.

March 19, 1987.

Rehearing Denied April 23, 1987.

Certiorari Denied (Bockmon)
July 27, 1987.

Rebecca S. Bockmon, pro se.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Aurora Ruiz-Hernandez, Asst. Atty. Gen., Denver, for respondent Indus. Com'n.

Eiberger, Stacy & Smith, John A. Jostad, Denver, for respondent Mountain States Tel. & Tel.

SMITH, Judge.

Claimant, Rebecca Bockmon, seeks review of the final order of the Industrial Commission concluding that payments she received upon leaving the employ of Mountain States Telephone and Telegraph (employer) constituted severance pay. We affirm.

Claimant was employed as a service representative with employer for fourteen years. Among the benefits she accrued during that time was the right to preferential treatment, based on her seniority, for recall and reemployment should her employment be terminated.

Sometime prior to December 1, 1984, claimant's employer determined that a work force surplus existed in her employment classification. Pursuant to its contract with the union, the employer offered a Voluntary Income Protection Plan (VIPP)

to employees whose job category had such a surplus of workers. Claimant was not among those who would have been laid off, but under the plan she had the option to elect to terminate her employment, relinquish her seniority status and right to recall and preferential treatment, and in exchange receive payments from the employer based upon her length of service and current salary. Claimant chose to terminate her employment and receive the VIPP payments.

After leaving employer, claimant was unable to find other employment and filed a claim for unemployment benefits which was opposed by the employer.

The ultimate decision in the matter by the Industrial Commission was that because the VIPP payments constituted severance pay, the claimant's unemployment benefits should be reduced accordingly.

The sole issue that claimant argues on review is that the Commission erred in determining that the VIPP payments were severance pay. We disagree.

Colo.Sess.Laws 1984, ch. 62, § 8–73–110(1)(c) at 323, applicable in 1985 when this action was initiated, provided:

"(1) Individuals who receive the following types of remuneration shall be determined to have received, for weeks after separation from employment, the individual's full-time weekly wage for a number of consecutive weeks equal to the total amount of remuneration awarded, divided by the full-time weekly wage: ... (c) severance allowances; in addition an individual who receives severance allowances shall have his weeks of potential entitlement reduced by the number of weeks such severance allowances constitute weeks of an individual's full-time weekly wage."

Cf. § 8–73–110 (1.5), C.R.S. (1986 Repl.Vol. 3B).

Thus, disposition of this matter turns upon interpretation of the statutory term "severance allowances." That term has not been construed by a Colorado appellate court and is not defined in the Colorado Employment Security Act, § 8–70–101, et seq., C.R.S. (1986 Repl.Vol. 3B).

The construction and interpretation of statutes adopted by those charged with their administration should be given deference by a reviewing court. *Lucero v. Climax Molybdenum Co.*, 732 P.2d 642 (Colo.1987); *Colorado General Assembly v. Lamm*, 700 P.2d 508 (Colo.1985). Further, words and phrases in statutes should be given their ordinary and generally accepted meaning. *See* § 2–4–101, C.R.S. (1986 Cum.Supp.); *Weld County Kirby Co. v. Industrial Commission*, 676 P.2d 1253 (Colo.App.1983).

Here, the Commission in its order concluded that:

"[T]he terms "severance pay", "severance allowance," and "termination allowance" are synonymous. Severance pay has been defined as the payment made by an employer to its employee beyond the employee's wages upon termination of the employment relationship. Such severance pay is normally paid when the separation is not caused by the employee, and is usually based on the length of service given the employer by the employee. See Webster's New Collegiate Dictionary (1979) and Black's Law Dictionary (Fifth Edition 1980).

. . . .

The Commission concludes that the "termination allowance" paid herein to the claimant is synonymous with "severance pay" as commonly defined. Furthermore, said payment amounts to a severance allowance under the statute."

We hold that the Commission correctly defined the term "severance allowance" by adopting its ordinary and common meaning, and we further conclude that it correctly determined that the VIPP payments did, in fact, constitute such an allowance.

Claimant relies on *Industrial Commission v. Sirokman*, 134 Colo. 481, 306 P.2d 669 (1957), in which a payment similar to claimant's was determined not to be "wages in lieu of notice." However, *Sirokman* is not pertinent here. The statute applicable in that case did not refer to severance allowances, and the court there

did not decide whether the payment was a severance allowance.

In its answer brief, employer argues for the first time that the deputy erred in his finding concerning whether claimant was laid off from her job and, therefore, was eligible for benefits pursuant to § 8–73–108(4)(a) C.R.S. (1986 Repl.Vol. 3B). Since this contention was not raised at the administrative hearing level, we decline to address it. *See Apache Corp. v. Industrial Commission,* 717 P.2d 1000 (Colo.App. 1986).

The order of the Industrial Commission is affirmed.

KELLY and STERNBERG, JJ., concur.