Larry T. GREEN, David B. Herod, Richard O. Owens, Thomas R. Romack, Terry J. Stahly and Dave Lucero, Petitioners,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and West Elk Coal Company, Respondents.

No. 88CA0214.

Colorado Court of Appeals, Div. I.

Nov. 10, 1988.

mination of his employment, received the equivalent of at least twelve weeks pay pursuant to employer's Special Termination Allowance Plan (Plan). The parties do not dispute that the Plan was an employee welfare benefit plan governed by the provisions of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. (1986 Supp.) (ERISA). The hearing officer concluded, and the Panel affirmed, that the amounts received by each claimant were severance pay pursuant to § 8-73-110(1)(c), C.R.S. (1988 Cum.Supp.). Accordingly, each claimant's benefits were disallowed for a set period of time and the amount of his maximum benefits reduced.

Claimants contend that, because their termination benefits were made pursuant to an employee welfare benefit plan governed by the provisions of ERISA, the benefits could not constitute severance pay pursuant to the Colorado Employment Security Act, § 8-70-101, et seq., C.R.S. (1986 Repl.Vol. 3B) (CESA). We find no merit to this contention.

■ Congress enacted ERISA to encourage the voluntary growth and development of pension plans, to increase the number of individuals participating in employer-financed benefits plans, to assure, through regulation of plan asset administration and termination insurance, that the individuals participating in the plans actually receive their benefits, and to monitor the establishment and growth of multi-employer pension plans. 29 U.S.C. § 1001 & 1002 (1986 Supp.); *In re C.D. Moyer Co. Trust Fund,* 441 F.Supp. 1128 (E.D.Pa.1977); *Altemose Construction Co. v. Building & Construction Trades Council,* 443 F.Supp. 492 (E.D. Pa.1977). The regulatory provisions of ERISA reflect these objectives. They contain comprehensive reporting and disclosure requirements, funding standards, fiduciary requirements, administration and enforcement powers, and plan termination insurance provisions. The statute does not purport, however, to govern the administration, usage, or characterization of any assets once they are properly distributed under an appropriately funded and administered plan.

Colorado Rural Legal Services, Inc. Charles P. Miller, Montrose, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Michael P. Serruto, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

No Appearance for respondent West Elk Coal Co.

PIERCE, Judge.

In this consolidated proceeding, claimants seek review of a final order of the Industrial Claim Appeals Office (Panel) which held that certain amounts each claimant received upon the termination of his employment were severance pay. We affirm.

Claimants were terminated by West Elk Coal Co. (employer) as a result of a work force reduction. Each claimant, at the ter-

**1066**

Claimants have not cited any provision of, or policy concerning, ERISA, and we are unaware of any, which requires a state to give a particular effect to a payment from a plan governed by ERISA for the purpose of determining a claimant's eligibility for an award of unemployment compensation benefits. And, having reviewed generally the provisions of both ERISA and CESA, we are not aware of any interrelationship between the two acts which would require the state to refrain from characterizing the termination benefits as severance pay simply because the termination benefits were paid from an ERISA-governed plan. *Cf. Gilbert v. Burlington Industries, Inc.*, 765 F.2d 320 (2d Cir.1985). Consequently, we find no merit to claimants' contention that the origin of the termination benefits in an ERISA-governed welfare benefit plan prohibits the categorization of the benefits as severance pay by the Panel for unemployment compensation purposes.

Relying on *Industrial Commission v. Sirokman*, 134 Colo. 481, 306 P.2d 669 (1957), claimants further contend that the Panel erred in determining that claimants' termination benefits were severance pay. We disagree.

Severance pay has been defined by this court as "the payment by an employer to its employee beyond the employee's wages upon termination of the employment relationship. Such severance pay is normally paid when the separation is not caused by the employee, and is usually based on the length of service given the employer by the employee." *Bockmon v. Mountain States Telephone & Telegraph*, 739 P.2d 887 (Colo.App.1987).

Here, for the reasons set forth in *Bockmon v. Mountain States Telephone & Telegraph, supra,* we find claimants' reliance on *Industrial Commission v. Sirokman, supra,* misplaced. Furthermore, there is substantial evidence in the record to support the determination that the amounts claimants received met the criteria for severance pay pursuant to § 8–73–110(1)(c), C.R.S. (1988 Cum.Supp.). Consequently, that determination is binding on review. *See Mohawk Data Sciences Corp. v. Industrial Commission,* 671 P.2d 1335 (Colo.App.1983).

ORDER AFFIRMED.

HUME and MARQUEZ, JJ., concur.