Bruce M. DAVIS, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and Storage Technology Corporation, Respondents.

No. 95CA0326.

Colorado Court of Appeals, Div. II.

Aug. 24, 1995.

Cornelius & Fisher, L.L.C., Gary A. Fisher, Boulder, for petitioner.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Kathleen But-

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1994 Cum.Supp.).

ler Denman, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

Dwight C. Seeley, Louisville, for respondent Storage Technology Corp.

Opinion by Judge JONES.

Petitioner, Bruce M. Davis (claimant), seeks review of a final order of the Industrial Claim Appeals Panel (Panel) which disqualified him from the receipt of unemployment compensation benefits. We affirm.

The evidentiary facts are subject to little dispute. Claimant was discharged as a result of an incident which occurred in the employer's business lobby. Claimant had gone to the lobby to inform the security guard that a video camera was to be delivered for work purposes. Claimant later admitted that, when the security guard questioned claimant about whether he had proper authorization to bring the camera into the building, he became angry and upset. As found by the referee, claimant responded with a remark to the security guard that included a four-letter-word obscenity. Claimant apologized to the security guard shortly thereafter.

Later that afternoon, a co-worker who became aware of the incident informed claimant's supervisor about it. The supervisor then questioned the security guard, who informed him that she did not wish to pursue the matter or cause trouble for the claimant.

Sometime later, a visitor who had witnessed the incident wrote a letter to the chief executive officer of the company, complaining about claimant's conduct and quoting the specific language claimant used.

In an employee handbook provided to all employees upon their hiring, use of abusive language to fellow employees, customers, or to the general public is set forth as a major infraction which could warrant termination. Also, prior to this incident, claimant had been advised that his "use of abusive language" violated this standard of conduct and would not be tolerated, and he had been reprimanded for being excessively "vocal" in his disagreement with the organization of a project. Consequently, when supervisory representatives of the employer learned more complete-

ly about the facts of this incident from the visitor's letter, claimant was put on suspension and eventually terminated for violation of the company policy concerning use of abusive language.

Based on these findings, the hearing officer determined that claimant was aware of the standards of behavior he was expected to follow and concluded that claimant's behavior was "offensive," that he was responsible for his separation, and that he should be disqualified from the receipt of benefits pursuant to § 8–73–108(5)(e)(XIV), C.R.S. (1986 Repl.Vol. 3B). The Panel affirmed.

Claimant contends that the hearing officer failed properly to apply an objective standard in determining whether his behavior should disqualify him from the receipt of benefits. We disagree.

Section 8–73–108(5)(e)(XIV) provides for a claimant to be disqualified from the receipt of benefits if such claimant engages in rude, insolent, or offensive behavior not reasonably to be countenanced by a customer, supervisor, or fellow worker.

We have held in other cases involving entitlement to benefits that an objective standard is the appropriate measure for determining entitlement. *See Rose Medical Center Hospital Ass'n. v. Industrial Claim Appeals Office,* 757 P.2d 1173 (Colo.App.1988) (concerning deliberate disobedience to reasonable instruction of supervisor pursuant to § 8–73–108(5)(e)(VI), C.R.S. (1986 Repl.Vol. 3B)); *see also Wargon v. Industrial Claim Appeals Office,* 787 P.2d 668 (Colo.App.1990) (concerning whether change in working conditions is substantial and, if so, whether substantial change is substantially less favorable to worker pursuant to § 8–73–108(5)(e)(I), C.R.S. (1986 Repl.Vol. 3B)). We now hold that an objective standard is also the proper standard for determining whether a claimant has engaged in disqualifying behavior under § 8–73–108(5)(e)(XIV), C.R.S. (1986 Repl.Vol. 3B).

Thus, in assessing the reasonableness of an employer's termination of an employee for behavior implicating § 8–73–108(5)(e)(XIV), the Panel must consider the facts and circumstances of the individual case to deter-

mine, in the exercise of its independent judgment, whether a reasonable person in the position of a customer, supervisor, or fellow worker would have considered the employee's behavior to have been rude, insolent, or offensive such as not reasonably to be countenanced.

Claimant argues that application of the objective standard pursuant to § 8–73–108(5)(e)(XIV) requires two evidentiary findings here: that claimant "intended" to offend his co-worker and that his co-worker actually was offended. Since these two findings were not made by the hearing officer, claimant argues that he may not be disqualified under this subsection.

However, contrary to claimant's assertions, a requirement that these two findings be made before a claimant could be disqualified under § 8–73–108(5)(e)(XIV) would constitute the imposition of a subjective, rather than an objective, test for the application of this subsection. Rather, in assessing the evidence here pursuant to an objective standard to determine whether a claimant should be disqualified pursuant to this subsection, the issue is whether a reasonable person in the position of the fellow worker and others would have found claimant's action to be so rude, insolent, or offensive as not to be countenanced.

The hearing officer found that claimant's language and conduct were offensive. Further, we agree with the hearing officer's implicit conclusion that a reasonable person in the position of the security guard, and those within hearing range of the security guard, need not have countenanced the claimant's language and behavior. Thus, the hearing officer did not err in concluding that claimant was responsible for his separation and should be disqualified from the receipt of benefits under § 8–73–108(5)(e)(XIV). *See Olsgard v. Industrial Commission,* 190 Colo. 472, 548 P.2d 910 (1976).

We further reject claimant's argument that the hearing officer improperly attempted to disqualify him for violation of a company policy pursuant to § 8–73–108(5)(e)(VII), C.R.S. (1986 Repl.Vol. 3B) without making the requisite finding of serious damage. Any findings concerning claimant's knowledge of and violation of the company policy concerning acceptable behavior were made in the context of determining that claimant's behavior did not reasonably need to be condoned and warranted a disqualification pursuant to § 8–73–108(5)(e)(XIV).

Accordingly, the Panel's order is affirmed.

CRISWELL and CASEBOLT, JJ., concur.