25CA0316 Hallam v ICAO 06-05-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0316
Industrial Claim Appeals Office of the State of Colorado
DD No. 29454-2024

Diana Hallam,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado and Lower Valley
Hospital Association,

Respondents.

ORDER AFFIRMED

Division A
Opinion by JUSTICE MARTINEZ*
Román, C.J., and Berger*, J., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 5, 2025

Diana Hallam, Pro Se

No Appearance for Respondent Industrial Claim Appeals Office

Michael C. Santo, Grand Junction, Colorado, for Respondent Lower Valley
Hospital Association

*Sitting by assignment of the Chief Justice under provisions of the Colo. Const.
art. VI, § 5(3) and § 24-51-1105, C.R.S. 2024.

¶ 1        In this unemployment compensation benefits case, Diana Hallam appeals an order disqualifying her from receiving benefits based on her job separation from Lower Valley Hospital Association (Lower Valley).  We affirm.

## I.        Background

¶ 2        Hallam worked for Lower Valley as an IT technician.  In July 2024, she went to one of Lower Valley's clinics to address some computer issues.  While she was working on the front desk computer, she became inappropriately loud with the front desk staff.  Hallam later admitted that she had "lost it" and emailed an apology to the staff.  Lower Valley terminated Hallam's employment, citing her violation of a company policy on unacceptable conduct, which included "agitation against other employees that is or may be harmful to morale or work performance."

¶ 3        Hallam applied for unemployment benefits.  A deputy for the Division of Unemployment Insurance initially determined that Hallam qualified for benefits based on the information that Hallam provided.  Lower Valley appealed that decision and requested a hearing.  The hearing officer determined that under section 8-73-108(5)(e)(XIV), C.R.S. 2024, Hallam was disqualified from

receiving benefits because she engaged in rude, insolent, or offensive behavior. Hallam appealed to the Industrial Claim Appeals Office (the Panel), which affirmed.

## II. Legal Principles and Standard of Review

¶ 4  We will uphold the Panel's decision unless the findings of fact do not support the decision or the decision is erroneous as a matter of law. § 8-74-107(6)(c)-(d), C.R.S. 2024; *see Mesa Cnty. Pub. Libr. Dist. v. Indus. Claim Appeals Off.*, 2017 CO 78, ¶ 17. We review de novo ultimate conclusions of fact and ultimate legal conclusions. *Harbert v. Indus. Claim Appeals Off.*, 2012 COA 23, ¶¶ 8-9. Determining whether a claimant is at fault for the separation requires a case-specific consideration of the totality of the circumstances. *Morris v. City & Cnty. of Denver*, 843 P.2d 76, 79 (Colo. App. 1992).

¶ 5  A worker can receive benefits only if she is unemployed through no fault of her own. *See Debalco Enters., Inc. v. Indus. Claim Appeals Off.*, 32 P.3d 621, 623 (Colo. App. 2001). "Fault" includes "a volitional act or the exercise of some control or choice in the circumstances leading to the discharge from employment such that the claimant can be said to be responsible for the termination."

*Richards v. Winter Park Recreational Ass'n*, 919 P.2d 933, 934 (Colo. App. 1996).

¶ 6 An individual is disqualified from receiving unemployment benefits if the separation from employment occurred based on the "[r]udeness, insolence, or offensive behavior of the worker not reasonably to be countenanced by a customer, supervisor, or fellow worker." § 8-73-108(5)(e)(XIV). In determining whether this subsection applies, we consider whether a reasonable person in the position of the fellow worker and others "would have found [the] claimant's action to be so rude, insolent, or offensive as not to be countenanced." *Davis v. Indus. Claim Appeals Off.*, 903 P.2d 1243, 1245 (Colo. App. 1995).

### III. Evidence Below

¶ 7 The hearing officer heard testimony from a medical assistant (MA) who was at the clinic during the incident. The MA testified that she was in her back office when she heard Hallam being loud with the front desk staff. The MA testified that one of the front desk staff members then asked her to come up front. When the MA went to the front, she observed Hallam being "very loud and very rude." She testified that each time somebody tried to speak to Hallam, she

would "cut them off" and "speak over them."  The MA testified that she then went back to her office and contacted a supervisor because "it was a very intense situation."

¶ 8    Hallam testified that she did "lose it" with the staff but it was because she felt overwhelmed from working overtime.  She also testified that the staff "got frustrated" with her explanations about some voicemail system changes.  She admitted that she was aware of the employee handbook, because she signed it.  She also admitted that the handbook included a policy concerning rude and unprofessional conduct, and she was aware she could be terminated for such conduct.

¶ 9    The Vice President of Human Resources, Kimber Barnes, testified about prior incidents where Hallam was warned about her need to improve interactions with other employees.  On one occasion, after Hallam decided to reprimand a coworker when she had no authority to do so, Barnes documented a warning with an email.  In the email, which is part of the record, Barnes advised that going forward, Hallam should adhere to the employer's expectations for professional conduct, which "means being proactive in our communications, not reactive."  Barnes also testified that there had

4

been similar incidents in late 2023 where Hallam had to be coached about her behavior.

## IV. Analysis

¶ 10    Representing herself in this appeal, Hallam acknowledges that she "became loud," but claims that she "did not yell." She asserts that the witnesses against her were biased, and contends that her apology "should not be used against her." She argues that she was actually fired for engaging in protected activity. For the following reasons, we reject those arguments.

¶ 11    It is the hearing officer's responsibility to assess the credibility of witnesses, resolve any conflicts in the evidence, and determine the weight to be accorded the evidence. *See Tilley v. Indus. Claim Appeals Off.*, 924 P.2d 1173, 1177 (Colo. App. 1996). The hearing officer found credible the testimony that Hallam was yelling and rude. We have no basis to set aside that credibility determination, which is supported by other evidence in the record, such as the email from a front desk staff member stating that Hallam had yelled at her. Record evidence also shows that Hallam was previously coached about similar behavior. *See Goodwill Indus. of Colo. Springs v. Indus. Claim Appeals Off.,* 862 P.2d 1042, 1046 (Colo.

App. 1993) (hearing officer correctly considered and made findings concerning the various factors leading up to the separation from employment, including prior disciplinary actions).

¶ 12    We also agree with the Panel's determination that a reasonable person would not have countenanced Hallam's behavior. *See Davis*, 903 P.2d at 1244-45 (noting that the Panel must exercise independent judgment to determine whether a reasonable person would have considered the behavior to be rude or insolent). Lower Valley's policy specifically prohibited behavior that agitated fellow employees or contributed to low morale or work performance. Record evidence showed that the staff felt uncomfortable enough with Hallam's behavior to seek assistance from another employee. This is sufficiently objectionable under the applicable statute. There is no requirement of intent to offend. *See id.* at 1245.

¶ 13    Hallam cites no legal authority for the proposition that her apology should not be "used against her," and we have located none. To the contrary, the fact that Hallam knew her behavior violated a policy is consistent with the general principle that an employee is disqualified from receiving benefits if she knew what was expected and failed to "satisfactorily perform the job

6

thereafter." *Pabst v. Indus. Claim Appeals Off.*, 833 P.2d 64, 64-65 (Colo. App. 1992). The record amply supports the conclusion that Hallam was aware she needed to be more professional in her behavior and failed to do so.

¶ 14 Finally, Hallam's arguments about alleged protected activity were presented, and rejected, by the Panel. We agree with the Panel that Hallam's citation to federal discrimination laws are not relevant to whether she is entitled to receive benefits. Further, she did not raise the alleged issue of protected activity at the hearing, and neither we nor the Panel may consider it. *See Alfaro v. Indus. Claim Appeals Off.*, 78 P.3d 1147, 1149 (Colo. App. 2003) (appellate review is limited to the evidence in the record previously submitted in the case).

¶ 15 In conclusion, after reviewing the record evidence and applying our applicable standard of review, we cannot disturb the determination that Hallam was at fault for her job termination and therefore disqualified from benefits under section 8-73-108(5)(e)(XIV).

V. Disposition

¶ 16 The Panel's order is affirmed.

CHIEF JUDGE ROMÁN and JUDGE BERGER concur.