BECKER, Judge.
Defendants appeal from a judicial review finding plaintiff eligible for unemployment compensation. Defendants contend on appeal that plaintiffs dismissal pay should have been included as wages in the trial judge’s determination of plaintiffs eligibility for unemployment compensation.
Plaintiff, Anthony Pizzolato, was employed with A.T. & T. Technologies, Inc. until March 1984 when he was permanently laid off. Subsequently, Mr. Pizzolato filed a claim for unemployment compensation on March 24, 1985. Upon notification of his ineligibility for unemployment compensation, plaintiff sought a review of this decision by an administrative law judge. The administrative law judge, in a judgment rendered on May 9,1985, held that plaintiff was indeed ineligible for unemployment *602 compensation. A reconsideration of,that decision was held on June 12, 1985, at which time the prior decision was maintained. The Board of Review subsequently-affirmed the decision of the administrative law judge.
Plaintiff then filed suit seeking judicial review of the determination of ineligibility. The trial court, on February 18, 1987, rendered judgment in favor of plaintiff, remanding the matter to the “Louisiana Board of Review, Chalmette Office for the reception of additional monetary evidence.” A hearing was held on April 15, 1987, and plaintiff was again determined to be ineligible for unemployment compensation benefits. The trial court, in a judgment dated March 24, 1988, reversed the Board of Review and held plaintiff to be eligible to receive unemployment compensation. The trial court specifically found “that the layoff allowance does not constitute ‘wages’ for purposes of employment security benefits.”
LSA-R.S. 23:1600 sets out the guidelines used to determine whether a claimant is entitled to unemployment compensation benefits. The statute provides in pertinent part:
“An unemployed individual shall be eligible to receive benefits only if the administrator finds that:
******
(5) He has during his base period been paid wages for insured work equal to at least one and one-half times the wages paid to him in that calendar quarter in which his wages were highest”
The record shows that plaintiff received during his highest calendar quarter (the first quarter of 1984) wages in the amount of $13,231.00. Of this amount, $6,744.00 was the dismissal pay. Plaintiff contends that such monies are not “wages” and should not be included as wages in the determination of eligibility for unemployment compensation.
Defendants, on the other hand, argue that the dismissal pay does constitute “wages” as defined in the pre-1985 amended form of the statute LSA-R.S. 23:1472(20)(C)III. This statute provided that the term “wages” shall not include
“Dismissal payments which the employing unit is not legally required to make.”
A.T. & T. contends that if one eliminates the double negative, the statute clearly requires dismissal payments, which an employer is legally required to make, to be considered as wages. We agree. Further, it should be noted that the 1985 amendment to the statute clarified the definition to include severance pay as wages.
The dismissal pay received by plaintiff was pursuant to a collective bargaining agreement between plaintiff’s union and A.T. & T. We find that the A.T. & T. was legally obligated to make the dismissal payment to plaintiff. See Section 301 of Labor Management Relations Act of 1947, 29 U.S.C. 185. The dismissal payments made to plaintiff are to be considered as wages in the determination of eligibility for unemployment consideration.
Under the guidelines set out in R.S. 23:1600(5), the plaintiff, in order to be eligible for unemployment compensation, must have been paid during the base period one and a half times the wages paid to him in the highest calendar quarter. The Board of Review affirmed the findings of fact by the administrative law judge as to the wages accumulated by plaintiff during his base period (October 1983 — August 1984). These findings indicate that for the entire base period plaintiff received wages in the amount of $18,942.00. The highest calendar quarter for the base period revealed wages in the amount of $13,231.00. According to these findings, in order for plaintiff to be eligible for benefits, his wages for the base period needed to equal at least $19,846.00. Thus, the Board of Review found that plaintiff did not have sufficient wages to be eligible for unemployment compensation.
The findings of the Board of Review as to facts are conclusive if supported by sufficient evidence and in the absence of fraud. Benward v. Gerace, 370 So.2d 660 (La.App. 4th Cir.1979). We cannot say that *603 there is not sufficient evidence to support the Board’s findings.
We recognize that this opinion is inconsistent with George v. Brown, 144 So.2d 140 (La.App. 4th Cir.1962) and we overrule that opinion.[1]
Accordingly, the judgment of the trial court is reversed. The Board of Review’s determination that plaintiff is ineligible for unemployment compensation is reinstated.

REVERSED.

. In accordance with this Court's Internal Rules, this decision to overrule George v. Brown, 144 So.2d 140 (La.App. 4th Cir.1962) was approved by a majority of the judges of this Court.